IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**INFINITY ROOFING & SIDING, INC.**

      *Plaintiff,*                                Case No.: 1:21-cv-889

      v.

**ALLSTATE INSURANCE COMPANY**           JURY DEMAND

      *Defendant.*

---

### PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, Plaintiff INFINITY ROOFING & SIDING, INC., by and through its attorney of record, and for Plaintiff's Original Complaint against Defendant ALLSTATE INSURANCE COMPANY respectfully show unto this Honorable Court as follows:

### I.    INTRODUCTION AND NATURE OF THE ACTION

1. This action involves a dispute arising under a policy of property insurance issued by Defendant, Allstate Insurance Company (hereinafter "Allstate"), to Sidney Long and Diane Long (hereinafter the "Insureds"), related to property losses resulting from a covered weather-related event that occurred on or about March 14, 2019. This action seeks appropriate remedies and relief with respect to Allstate policy number 065376082 (hereinafter the "Policy"), a property insurance policy issued by Allstate to Insureds, being in full force and effect at all times material hereto. The Policy provides coverage for loss or damage arising out of or caused by weather-related events and was provided for the residence located at 127 Upland Avenue, Charlotte, Michigan 48813 (hereinafter the "Property").

1

## II. THE PARTIES

2. Plaintiff, Infinity Roofing & Siding, Inc. is a Texas corporation, duly authorized to operate and work in the State of Michigan, being registered with the Secretary of State of Michigan as a foreign corporation, is and was at all material times the assignee of the Insureds, Sidney Long and Diane Long the owners and residents of property located at 127 Upland Avenue, Charlotte, Eaton County, Michigan 48813-2259.

3. Defendant, Allstate Insurance Company is a property and casualty insurance company which is incorporated under the laws of Illinois with its principal place of business in Northbrook, Illinois. Defendant is duly authorized under the laws of Michigan to represent and sell property insurance policies to the citizens and corporations of Michigan, including, but not limited to Insureds, Sidney and Diane Long.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1332(a)(1)* because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Allstate by virtue of its business activities within the State of Michigan including the sale of insurance policies to Insureds in Michigan.

6. An actual justiciable controversy exists between Plaintiff, as assignee of Insureds, and Defendant within the meaning of *28 U.S.C. §2201-2202* regarding whether Defendant has breached its duties to the Insureds and Plaintiff in violation of the express terms, conditions and provisions of the subject policy as more particularly described below.

7. Venue is proper in this Court pursuant to *28 U.S.C. § 1391* in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### IV. THE UNDERLYING FACTS

8. At all times material hereto, the Insureds were a party to an insurance Policy whereby Defendant agreed to insure the Property against property damage and business interruption [*See* Exhibit A].

9. Defendant issued the Policy to the Insureds whereby Defendants agreed to pay for direct physical loss to the Property resulting from any peril not otherwise excluded within the Policy.

10. On or about March 14, 2019, Insureds sustained direct, physical loss to the Property resulting from a covered weather-related event, namely wind and hail damage, which are not excluded within the Policy (the "Loss"). The Policy was in full force and effect at the time of the Loss.

11. Insureds promptly and properly made claim to Defendant for insurance benefits under the Policy and has fulfilled all other post-loss duties required of Insureds, and by extension Plaintiff, under the Policy.

12. On or about July 10, 2019, Allstate's "National Catastrophe Team" performed an inspection of the property and issued an estimate for debris removal and roofing that grossly underestimated the actual costs of the Loss.

13. On or about October 5, 2019, Plaintiff conducted an independent evaluation and issued an estimate for the repair and replacement of the roofing to be approximately $219,166.98.

14. On or about April 10, 2020, Plaintiff issued a photo report detailing its evidence of hail damage to the Property.

15. Allstate responded to Insureds' and Plaintiff's evidence of hail damage by conducting a second inspection on May 4, 2020, this time estimating the damage to be $4,262.40.

16. Feeling powerless and without resources to pursue their rights and benefits regarding this claim, pursuant to the Policy, on or about September 26, 2020 Insureds assigned their rights and benefits regarding this insurance claim to Plaintiff. [*See* Exhibit B].

17. On or about December 10, 2020, Allstate notified Plaintiff that a new adjustor would be handling the claim, requested a sworn Proof of Loss, and included a reservation of rights.

18. On or about December 29, 2020, Allstate's engineer, Rimkus Consulting, inspected the Property and issued a report of its findings on February 8, 2021. Of the photographs provided in said report, there is not any visible hail damage, and the engineer failed to address any of the hail damage markings throughout the roof surface.

19. On or about January 5, 2020, Insured submitted their sworn Proof of Loss, in compliance with Allstate's request.

20. On or about February 11, 2021, Allstate denied Insureds' claim

## V. **BREACH OF CONTRACT**

21. Plaintiff adopts and incorporates herein by reference the preceding allegations as if same were hereinafter fully set forth.

22. The Policy provided coverage for all losses or damages resulting from direct physical losses unless specifically excluded.

23. Insureds paid all premiums to Defendant in return for Defendant's promise to provide benefits as set forth in the Policy.

4

24. A weather-related event occurred on or about March 14, 2019 which resulted in property losses at the premises.

25. The cause of the property losses and damages is not an excluded item or condition under the terms of the Policy.

26. All conditions precedent have been performed or have occurred as required by the Policy.

27. Insureds and Plaintiff complied with the terms, conditions, and provisions of the subject Policy including, but not limited to, fully cooperating with Defendant's informal requests to provide documents, to provide access for inspections, to provide statements to inspectors, to provide preliminary estimates and to provide a sworn Proof of Loss.

28. Defendant failed to conduct a reasonable investigation of Insureds' and Plaintiff's, by assignment, covered claims under the Policy.  Ultimately, Defendant performed a result-oriented investigation of Insureds' and Plaintiff's, by assignment, claim that resulted in an unfair, biased, and inequitable evaluation of Insureds' and Plaintiff's, by assignment, losses.

29. As a result of the above issues, Insureds did not receive the coverage for which they had originally contracted with Defendant.  Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

30. As a proximate cause of Defendant's breach of contract, Insureds and Plaintiff, by assignment, have suffered substantial damages, and is further entitled to contractual damages.

WHEREFORE Plaintiff respectfully prays that this Honorable Court:

a. Enter an order declaring that Insureds' and Plaintiff's, by assignment, losses are covered under the Policy;

Case 1:21-cv-00889-SJB ECF No. 1, PageID.6 Filed 10/15/21 Page 6 of 7

    b.    Enter a judgment in whatever amount Plaintiff is deemed entitled plus interest, court costs and attorney fees;

    c.    Grant such further and other relief as is just.

## VI.
## VIOLATION OF MICHIGAN UNIFORM TRADE PRACTICES ACT, MCL 500.2006

31.    Plaintiff adopts and incorporates herein by reference the preceding allegations as if same were hereinafter fully set forth.

32.    Defendant's refusal to make payment of Insureds' and Plaintiff's, by assignment, damages violates the Uniform Trade Practices Act, MCL § 500.2001, *et. Seq.*

33.    Defendant violated MCL § 500.2006, which provides that "if benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after a satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance."

34.    Plaintiff is assignee of the Insureds and is therefore directly entitled to benefits under the insured's contract of insurance.

35.    Defendant did not pay on a timely basis the benefits due to Insureds' and Plaintiff's, by assignment, under the Policy.

36.    As a result of Defendant's failure to timely pay the claim, Plaintiff is entitled to twelve percent (12%) penalty interest per annum pursuant to MCL § 500.2006.

WHEREFORE, Plaintiff prays that this Honorable Court enter a judgment requiring Defendant to pay Plaintiff interest on the benefits due under the Policy at a rate of (12%) per annum, and other such relief the Court deems just and proper.

## VII.    JURY DEMAND

Plaintiff has demanded trial by jury in the above captioned matter.

6

Respectfully submitted,

*/s/Jeneanne Orlowski*
Jeneanne Orlowski
Michigan Bar No. P78681
Zerbe, Miller, Fingeret, Frank & Jadav, P.C.
3009 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Telephone: (713) 350-3529
Facsimile: (713) 350-3607
jorlowski@zmflaw.com

**ATTORNEY FOR PLAINTIFF**

DATED: October 15, 2021